CENTRAL TRUST CO. OF NEW YORK v. MISSOURI, K. & T. RY. CO. et al.

(District Court, E. D. Missouri, E. D.    October 13, 1917.)

No. 4564.

1. RAILROADS ⬡⤳206—RECEIVERS—APPOINTMENT OF ADDITIONAL RECEIVER.
    That a receiver of a railroad had expressed his views to those under-
    taking to formulate a plan of reorganization was not sufficient ground for
    appointing an additional receiver, where he had not exceeded the limita-
    tions or proprieties of his position or intended to impress his views upon
    those engaged on the plan of reorganization and had done little more than
    give his opinion when it was sought, especially where those at work upon
    the plan of reorganization stated that its terms were not based on any-
    thing the receiver had said, and the opinions expressed by him related
    to future conditions about which skilled and competent men might widely
    differ.

2. RAILROADS ⬡⤳196—REORGANIZATION ON FORECLOSURE.
    The court will not approve a plan of reorganization of a railroad having
    no adequate provision for future capital requirements or in which the re-
    financing is so close to probabilities that earnings are likely to be ab-
    sorbed in a lean year or. a succession of them by fixed charges, though to
    avoid such a plan it is necessary to make the interest on junior securities
    contingent rather than fixed, especially as the public has an interest in
    every railroad reorganization accomplished by foreclosure; and in prac-
    tice, when the margin between net income and fixed charges becomes small
    or disappears under adverse conditions, the insistent demands of con-
    tract obligations are always met at the expense of those of a more general,
    less definite, character.

In Equity.    Suit by the Central Trust Company of New York against
the Missouri, Kansas & Texas Railway Company and others.    On mo-
tion by Speyer & Company for leave to file a petition, or to intervene,
for the appointment of an additional receiver.    Motion denied.

Morton Jourdan, of St. Louis, Mo. (Henry W. Taft and William
Lloyd Kitchel, both of New York City, of counsel), for petitioners.

Joseph M. Bryson, of St. Louis, Mo., and A. C. Rearick, of New
York City, for receiver and for railway company.

Hornblower, Miller, Garrison & Potter, of New York City (Lindley
M. Garrison, of New York City, of counsel), for New York Trust Co.,
trustee.

Edward Cornell and Charles E. Hotchkiss, both of New York City,
for Central Trust Co. of New York, trustee.

Wollman & Wollman, of New York City, for committee of bond-
holders of first mortgage 5 per cent. gold bonds of Missouri, K. & T.
Ry. Co. of Texas.

George L. Shearer, of New York City, for United States Trust Co.
of New York, trustee, and for first mortgage bondholders' committee.

Geller,.Rolston & Horan, of New York City (Edward H. Blanc, of
New York City, of counsel), for Farmers' Loan & Trust Co., trustee.

Byrne, Cutcheon & Taylor, of New York City (W. R. Begg, of

⬡⤳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of New York City, of counsel), for Dutch first mortgage bondholders' committee.

White & Case, of New York City (P. II. Noyes, of New York City, of counsel), for Bankers' Trust Co., trustee.

William Greenough, of New York City, for protective committee of holders of first mortgage 5 per cent. bonds.

Alfred A. Cook, of New York City, for bondholders of Sherman, S. & S. Ry.

Albert Rathbone and E. C. Henderson, both of New York City, for reorganization managers.

Murray, Prentice & Howland, of New York City (George W. Murray, of New York City, of counsel), for protective committee of stockholders.

Delafield, Howe, Thorne & Rogers, of New York City (John S. Rogers, of New York City, of counsel), for Franklin Trust Co., trustee, and for protective committee of bondholders under Kansas City & Pac. R. Co. mortgage.

HOOK, Circuit Judge. This is a motion by Speyer & Co. for leave to file a petition, or to intervene, for the appointment of an additional receiver of the Missouri, Kansas & Texas Railway Company. Speyer & Co. are not parties to the suit, but they aver that their interest in it arises from their sale as bankers of certain of the junior securities of the railway company and the present ownership of a large part thereof by themselves and their customers. The trustees in the mortgage instruments covering the securities of the classes in question and the protective committee of holders of them have not joined in the motion. The motion will be disposed of on its merits without considering the standing of Speyer & Co. to make it.

The grounds of the motion may be grouped under two heads:

[1] First. Criticisms of the management of the property by the present receiver. These, the court finds, have not been sustained by the proof and arguments presented. Second. That the attitude of the receiver towards the future of the property is too conservative; that he is not in accord with expert estimates of future earnings and costs and economies of operation, etc.; that he has wrongfully assumed the function of an expert adviser of those who have undertaken to formulate a plan of reorganization, and has impressed upon them his insufficient views of the earning capacity of the railroad, with the result that a proposed plan, based on estimated lower earnings, makes the interest on the new securities to be issued for the junior securities mentioned contingent instead of fixed or absolute. But it does not appear that in expressing his views the receiver has exceeded the limitations or proprieties of his position, or that he intended to impress them upon those engaged on the plan of reorganization. He appears to have done little more than to give his opinion when it was sought. Furthermore, counsel for those at work upon the plan of reorganization says its terms so far as formulated are not based on anything the receiver has said or on any estimate he has given. But aside from all this, most of the objections made relate to future conditions

about which skilled and competent men may widely differ. They are generally too conjectural to afford a fair basis for personal condemnation. The motion should be denied.

[2] But lest the position of the court upon the general subject discussed at the hearing be misconstrued, it should be said that so far as it can legally do so, it will favor a plan of reorganization based on a conservative estimate of the future and so soundly framed as to withstand the dangers of financial and commercial stress. It will not encourage a plan of reorganization having no adequate provision for future capital requirements, or one in which the refinancing is so close to probabilities that earnings are likely to be absorbed in a lean year or a succession of them by fixed charges. The last reorganization of this company is an example of insufficient provision for necessary new capital, and it is one of the efficient causes of the present receivership. While a particular class of bond or note holders should not be denied the intrinsic value of their pledged security in its proper relation to the property as a whole, whether they should continue to have interest as a fixed and absolute charge or whether it should be contingent upon the proved prosperity of the railroad is a question of broad business policy in which they are not alone concerned. The very worth of the reorganization may be affected by it. Moreover, the public, though not a party to the record, has an interest in every railroad reorganization, accomplished by foreclosure, of which the court should take notice. The ability of a railroad fully and promptly to discharge its duties to the public, and that is of primary concern, depends in great measure upon the free margin between net income and fixed charges. In practice, when the margin becomes small or disappears under adverse conditions that are rarely appraised sufficiently, the insistent demands of contract obligations are always met at the expense of those of a more general, less definite, character.

## Order.

The motion of Speyer & Co. for leave to file a petition, or to intervene, for the appointment of an additional receiver of defendant the Missouri, Kansas & Texas Railway Company is denied